IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM D. WHITE,

        Plaintiff,                         07cv0120
                                            **ELECTRONICALLY FILED**

        v.

JOSEPH JAMES, Court of
Common Pleas Judge,
ANTHONY MARIANI, Court of
Common Pleas Judge,
REBECCA J. PLANINSEK, Americans
With Disabilities Act Coordinator,

        Defendants.

**MEMORANDUM OPINION**

**March 30, 2007**

    **Introduction.**

    Before the Court is defendants' motion to dismiss plaintiff's Amended Complaint and

Motion for Injunction (doc. no. 13).  After careful consideration of plaintiff's Amended

Complaint - Class Action (doc. no. 5), Motion for Injunction (doc. no. 4), the motion to dismiss

and plaintiff's response in opposition to the motion to dismiss (doc. no. 13), the Court will grant

the motion and dismiss this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

    **Background and Procedural History.**

    Plaintiff commenced this suit by filing a motion to proceed *in forma pauperis* (doc. no.

1), attaching a complaint that, in addition to two Judges of the Court of Common Pleas of

Allegheny County, Joseph James and Anthony Mariani, and the Americans With Disabilities Act

("ADA") Coordinator for Allegheny County, Rebecca J. Planinsek, named another Judge of that

Court and a District Justice in the City of Pittsburgh, several defense attorneys and Allegheny

County Assistant Public Defenders who had been appointed to represent him at public expense, the Allegheny County District Attorney and an Assistant District Attorney, raising a host of civil rights and other federal claims, including ADA claims, violations of due process, false arrest and malicious prosecution, conspiracy to deprive plaintiff of his civil rights, and violations of Pennsylvania's Code of Professional Responsibility for attorneys, all apparently stemming from an ongoing criminal prosecution in state court for criminal trespass and simple assault.

**The Criminal Charges**

According to the City of Pittsburgh police report provided by plaintiff as an Exhibit (doc. no. 6), Pittsburgh police officers were summoned on November 3, 2005, to the Noblestown Road Shop 'N Save, which had reported an altercation between plaintiff and its security officer. The altercation began after plaintiff allegedly used obscenities with Shop 'N Save's pharmacist regarding a prescription that plaintiff believed had been botched, and was asked to leave; when he refused to do so, a security officer arrived to escort him but plaintiff refused to leave, assaulted the officer, and bit the security officer on the hand, leaving visible bite marks, when the security officer took plaintiff down. Plaintiff told the Pittsburgh police officers that he had been assaulted and severely injured by the Shop 'N Save security officer.  Plaintiff's Exhibits (doc. no. 6) at 12-15.

Counsel was appointed for plaintiff, who filed, *pro se*, several ADA requests for accommodations from the Court of Common Pleas of Allegheny County in his criminal prosecution, including: free handicapped parking near the Courthouse; no proceedings before 12:00 PM; breaks in proceedings as needed; comfortable seating; hearing aids or audio feeds; and a "proper jury pool."  Plaintiff's Exhibits (doc. no. 6) at 19, 23, 25.

**The Federal Court Proceedings**.

Dissatisfied with his lawyers for not championing his ADA requests, and with the Court of Common Pleas' unsatisfactory responses to his requests for accommodations, and unwilling to provide medical documentation as requested by the Court Administrator, plaintiff commenced this federal court action. This Court was immediately concerned that plaintiff appeared to be trying to derail an ongoing state criminal prosecution by filing the federal court action, but out of an abundance of caution, because the complaint appeared "to allege some form of discrimination under the Americans with Disabilities Act." Thus, this Court ordered plaintiff "to file an amended complaint setting forth with more specificity and clarity: (1) the nature of his alleged disability; (2) what alleged reasonable accommodations were requested and to whom; and (3) what response, if any, plaintiff received from the party to whom he directed any requests. . . . [and to] set forth with more clarity the nature of the proceedings in the Court of Common Pleas of Allegheny County."  Order on Rule to Show Cause, February 6, 2007 (doc. no. 3).

Plaintiff did so, and in his Amended Complaint, which purports to state a "Class Action," (doc. no. 5) and Motion for Injunction (doc. no. 4), plaintiff requests this Court to enjoin a variety of practices and procedures, by the Court of Common Pleas of Allegheny County and its administrators, and by the Allegheny County Public Defenders Office and other lawyers, including (but certainly not limited to) the following primary requests for injunctive relief:

From plaintiff's Amended Complaint: plaintiff requests the defendants to accommodate his disability by providing him handicapped parking, assistance with reaching, elevators, special seating; that the Court of Common Pleas schedule his trials and pretrial proceedings after morning rush hour but before evening rush hour because  traffic jams exacerbate his back

3

problems; that Allegheny County provide him with counsel who is "acceptable" to him; that

plaintiff be provided free "live feed" transcripts of all court proceedings; that the Court not

schedule other proceedings at the same time and date as his are scheduled; that this Court direct

the Pennsylvania state courts to order all certified attorneys to be available to represent criminal

defendants and be certified in special classes of cases and clients and have an "objective rating";

and that this Court assume disciplinary supervision of the Pennsylvania courts and its attorneys.

He also seeks and consequential and punitive damages from various defendants.

From plaintiff's Motion for Injunction: plaintiff requests temporary and permanent

injunctive relief, including: temporary injunction of the [then scheduled] February 13, 2006, trial;

permanent injunction "that no Trial be held in the underlying State matter and that it be

dismissed, with prejudice"; that all "reasonable" accommodations be made (quite candidly,

"*reasonable* accommodations" appears to mean to plaintiff any accommodation request he

makes);  afternoon proceedings only; "Competent counsel acceptable to the plaintiff"; and an

"appropriate Jury Pool, should the underlying State matter proceed to Trial" which should

"consist of totally, permanently Most Severely disabled individuals with painful, hidden

disabilities, similar to the plaintiff's"; and that defendant Mariani be made to "relinquish

personal jurisdiction over the plaintiff in the underlying State Matter."

On March 1, 2007, this Court entered an Order granting plaintiff's motion to proceed IFP,

but, exercising the Court's obligation pursuant to 28 U.S.C. § 1915 to screen complaints and to

dismiss any claims that are "based on an indisputable legal theory" or posit "factual contentions

[that] are clearly baseless," *Neitzke v. Williams,* 490 U.S. 319, 327 (1989), the Court dismissed

most of the defendants and all claims other than the ADA claims, stating:

> To the extent plaintiff's amended complaint challenges his criminal
> prosecution in the Court of Common Pleas of Allegheny County or alleges due
> process violations, those claims are dismissed under *Rooker-Feldman* because
> those claims constitute nothing more than a "spin-off" of a state court action.
> *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482
> (1983);  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).
>
> Accordingly, all defendants, with the exception of Court of Common
> Pleas of Allegheny County President Judge Joseph James, Court of Common
> Pleas Judge Anthony Mariani, and Americans with Disabilities Act Co-
> Coordinator Rebecca Planinsek, ARE HEREBY DISMISSED from this case
> and, any claims against the three remaining defendants relating to anything
> other than alleged ADA violations (such as plaintiff's allegations of due
> process violations) shall be DISMISSED.  Thus, the only remaining claim is
> plaintiff's claim for disability discrimination under the ADA against Court of
> Common Pleas of Allegheny County President Judge Joseph James, Court of
> Common Pleas Judge Anthony Mariani, and Americans with Disabilities Act
> Co-Coordinator Rebecca Planinsek.

Order of Court (doc. no. 7), at 1-2.

Subsequently, defendant Judges and the ADA Coordinator filed separate motions to

dismiss.[1]  Defendants' motion to dismiss raises several issues, only one of which, *Younger*

abstention, need be discussed herein, as it is dispositive.

**_Younger_ Abstention.**

The *Younger* abstention doctrine expresses "a strong federal policy against federal-court

interference with pending state judicial proceedings absent extraordinary circumstances."

*Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982);

*Younger*, 401 U.S. at 45 . "[I]nterests of comity and federalism counsel federal courts to abstain

from jurisdiction whenever federal claims have been or could be presented in ongoing state

judicial proceedings that concern important state interests." *Hawaii Hous. Auth. v. Midkiff*, 467

---

[1] The Court denied defendant Planisek's motion to dismiss the claims against her because
she was sued in her official capacity.  Order of March 26, 2007 (doc. no. 27).

U.S. 229, 237-38(1984). *Younger* abstention applies classically where, as here, the federal court

is asked to enjoin state criminal prosecutions.  The doctrine has been extended, however, to many

other types of judicial and administrative proceedings in which the state has an important

interest.  *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-06 (1975).

> As the United States Court of Appeals for the Third Circuit recently explained:

> A federal district court has discretion to abstain from exercising
> jurisdiction over a particular claim where resolution of that claim in federal
> court would offend principles of comity by interfering with an ongoing state
> proceeding. *Younger*, 401 U.S. 37. However, "abstention rarely should be
> invoked," *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992), and is only
> appropriate "in a few carefully defined situations," *Gwynedd Properties*, 970
> F.2d at 1199. *Younger* abstention is only appropriate where the following three
> requirements are satisfied: (1) there are ongoing state proceedings that are
> judicial in nature; (2) the state proceedings implicate important state interests;
> and (3) the state proceedings afford an adequate opportunity to raise the federal
> claims. *Id*. at 1200 (citing *Middlesex County Ethics Comm*., 457 U.S. at 432 . .
> . .

> [W]e are mindful that the mere existence of a pending state proceeding
> between the parties that parallels the facts of the federal action is not in itself
> sufficient. *Id*. at 1201. All three prongs must be satisfied in order for a federal
> court to properly abstain from exercising its jurisdiction over a particular
> complaint.

*Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (parallel

and other citations omitted).

There is no doubt in this case that there are ongoing state proceedings that are judicial in

nature, and that the state proceedings implicate important state interests.  As noted, the

proceedings herein present the classic situation calling for *Younger* abstention, namely, an

ongoing criminal prosecution which is judicial in nature and which obviously implicates

important state interests.  As to the third prong of *Younger*, that the state proceedings afford an

adequate opportunity to raise the federal claims, plaintiff is quite capable of raising his ADA

claims in the state court proceedings -- in fact, he already has done so repeatedly -- and the Court

of Common Pleas of Allegheny County is quite capable of addressing those claims[2] and, from the

correspondence plaintiff filed as Exhibits, appears to be working with plaintiff in good faith in an

attempt to *reasonably* accommodate his requests.[3]

The operative word here is *"reasonably."* It is *unreasonable* to request a Jury Pool made

up only of persons who match plaintiff's description of his alleged disabilities; it is

*unreasonable* to request a trial judge to schedule plaintiff's proceedings only in the afternoons,

ending before evening rush hour; it is *unreasonable* to demand free handicapped parking near

the courthouse (in lieu of other available means of transportation for the disabled); and it is

*unreasonable* to demand, as appropriate relief under the ADA, that the criminal prosecution

against plaintiff be enjoined forever because defendants did not accede to plaintiff's unreasonable

demands.

Plaintiff's demands are particularly surprising in light of this Court's recent observations

of plaintiff at the case management conference in the courtroom on March 28, 2007, wherein

plaintiff perambulated without cane or wheelchair and without any *apparent* difficulty (the Court

provided handicapped paring for plaintiff behind the Courthouse for this conference),

---

[2] Pennsylvania courts have concurrent jurisdiction to adjudicate ADA claims. See, e.g., *Imler v. Hollidaysburg American Legion Ambulance Service*, 731 A.2d 169 (Pa. Super. 1999); *Kramer v. Port Authority of Allegheny County*, 876 A.2d 487 (Pa. Commw. Ct. 2005).

[3] Although plaintiff's federal court action will be dismissed, the Court encourages plaintiff and defendants to continue with the ADR procedures in place (doc. no. 33) (the parties chose Early Neutral Evaluation with a highly skilled and effective neutral evaluator) with regard to any *reasonable* ADA requests for accommodations, in an attempt to amicably resolve the dispute.

communicated with the Court and with defense counsel without any hearing aids or other devices (the Court offered headphones to the plaintiff, but he declined the offer), comprehended all proceedings fully and responded intelligently and appropriately to all questions, and was able to meaningfully participate in unsuccessful settlement conversations with defense counsel and to move about the courtroom freely.

More to the point for *Younger* analysis purposes, the unreasonableness of plaintiff's requests highlights his real motivation in this case, i.e., to persuade a federal court to interfere in, and ultimately to permanently enjoin, ongoing state criminal proceedings against him. This Court will not entertain such requests, and will abstain from exercising jurisdiction under *Younger v. Harris*.

Accordingly, the Court will grant the motion to dismiss this case by separate order of court.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc:     All Registered ECF Counsel and Parties

William D. White
16 East Manella Avenue
Pittsburgh, PA 15220