IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM D. WHEEL,

       Plaintiff,

  v.

JOSEPH JAMES, Court of
Common Pleas Judge,
ANTHONY MARIANI, Court of
Common Pleas Judge,
REBECCA J. PLANINSEK, Americans
With Disabilities Act Coordinator,

       Defendants.

07cv0120
**ELECTRONICALLY FILED**

### ORDER OF COURT DENYING
### MOTION TO RECONSIDER (doc. no. 40)

**April 30, 2007**

    Plaintiff William D. White finds inherent inconsistency in recent Orders of Court: the first being the orders scheduling pretrial events issued by the Court immediately following the case management conference on March 28, 2007; the second being this Court's Order of March 30, 2007, dismissing his complaint and motion for preliminary injunction and closing this case,[1] but indicating (in the accompanying Memorandum Opinion) that the Court encouraged the parties to continue to seek amicable resolution of their dispute through the ADR process.

    These Orders are not inconsistent, as the parties remain free to pursue alternative dispute

---

[1] As clarified by the Order dated April 5, 2007, which was "obviously inconsistent in ordering that the motion to dismiss be 'DENIED,' while simultaneously ordering that the case be 'DISMISSED.' . . . .[T]he Court intended to **grant** the motion to dismiss, and to dismiss the case pursuant to *Younger v. Harris*." Order of April 5, 2007 /dco 39). Accordingly, the Order of March 30, 2007, was clarified to read that "defendants' motion to dismiss plaintiff's amended complaint and motion for injunction (doc. no. 13) is **GRANTED** . . . [and] this case is **DISMISSED** with prejudice."

resolution at any time, if all parties agree, and the Court's dismissal of the case with prejudice and relinquishing jurisdiction has no bearing on any ADR procedures the parties voluntarily choose to pursue.

Motions for reconsideration are made pursuant to Fed.R.Civ.P. 59 or Fed.R.Civ.P. 60, generally. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986).  A court may properly grant a motion for reconsideration for any of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

"'Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly;  the parties are not free to relitigate issues the court has already decided.' *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992)." *Williams v. City of Pittsburgh,* 32 F.Supp. 2d 236, 238 (W.D.Pa. 1998). *See also Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc.*, 2001 WL 41131, *2  (E.D.Pa 2001) (same). A motion for reconsideration is not an opportunity for a party to relitigate already decided issues and should not be used "to put forward additional arguments which [the movant] could have made but neglected to make before judgment." *Dodge v. Susquehanna  Univ.*, 796 F.Supp. 829, 830 (M.D.Pa.1992). *See also Williams,* 32 F.Supp. 2d 39 ("Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. *Glendon Energy Co. v. Borough of Glendon*,

836 F.Supp. 1109, 1122 (E.D.Pa. 1993)").

In summary, a "motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised in connection with an earlier motion[,] should not provide the parties with . . . a second bite at the apple . . . [, and a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments [previously] considered by the court' . . ." *Tischio v. Bontex, Inc.,* 16 F.Supp.2d 511, 532 (D.N.J. 1998). In *Williams v. City of Pittsburgh*, 32 F.Supp. 2d at 238, Judge Robert J. Cindrich of this Court offered the following reasons justifying strict review of motions for reconsideration:

> First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited.  Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions.  Third, broad interpretation of motions for reconsideration is not supported by controlling precedent.  And last but not least, reconsideration of dispositive decisions . . . hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

The Court has reviewed plaintiff's motion for reconsideration, and finds no merit to any of his arguments, which already have been considered and rejected, nor to any of his accusations about this Court or the proceedings before it (e.g., the Court's comments and observations are "churlish" and "surreptitious").  Accordingly,

Plaintiff's motion to reconsider (doc. no. 40) is **DENIED**.

SO ORDERED this 30th day of April, 2007

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Pro Se Parties

William D. White
16 East Manella Avenue
Pittsburgh, PA 15220